UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERI RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13-CV-1769-JAR |
| | ) |
| UNIVERSITY OF MISSOURI BOARD OF | ) |
| CURATORS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter or Amend the Judgment Granting Defendant's Motions to Dismiss Plaintiff's Complaints (ECF No. 63). Defendants filed a Memorandum of Law in Opposition to Plaintiff's Motion to Alter or Amend the Judgment (ECF No. 65). Plaintiff filed a Reply Memorandum(ECF.No.66).

## STANDARD OF REVIEW

A district court has broad discretion in determining whether to grant a motion to alter or amend judgment. Fed.R.Civ.P. 59(e); see also United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir.2006). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Metro. St. Louis Sewer Dist., 440 F.3d at 933 (internal quotes omitted). The purpose of Rule 59 is to allow the district court "the power to rectify its own mistakes in the period immediately following the entry of judgment." Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir.1996) (quoting White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)). A Rule 59(e) motion to alter or amend the judgment must show: "1) an intervening change in controlling law; 2) the availability of new evidence not available

previously; or 3) the need to correct a clear error of law or prevent manifest injustice." Bannister v. Armontrout, 807 F.Supp. 516, 556 (W.D.Mo.1991), aff'd, 4 F.3d 1434 (8th Cir.1993).

Importantly, a motion to reconsider "cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment." Garner v. Arvin Indus. Inc., 77 F.3d 255, 258 (8th Cir.1996); see also Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.1988) (stating that a Rule 59(e) motion should not "serve as the occasion to tender new legal theories for the first time")(internal quotes omitted); Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir.1998) (Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment").

## DISCUSSION

On September 29, 2014, this Court entered a Memorandum and Order (ECF No. 61) and Judgment (ECF No. 62) dismissing all of Plaintiff's claims based upon res judicata and for failure to state a claim as a matter of law. In her Memorandum in Support, Plaintiff contends that this Court erred in finding that Plaintiff's claims were barred by res judicata because there was not a prior adjudication on the merits. In addition, Plaintiff asserts that the Court "did not adequately determine if there is any possibility that Plaintiff could state a claim against any of the 22 defendants under the multiple federal and state laws in her suit." (ECF No. 64 at 6). The Court fully addressed both of these issues in its September 29, 2014 Order and Judgment.

Plaintiff provides no new evidence or additional support for her position that was not raised previously and considered by the Court. Rather, Plaintiff rehashes her voluminous arguments, which were already submitted, and the Court will not reconsider them here. *Action Mailing Corp. v. Hewlett-Packard Co.*, No. 08-0671-CV-W-GAF, 2009 WL 4825189, at *1 (W.D. Mo. Dec. 15, 2009)(citing *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir.1999) ("[A

2

motion for reconsideration] is not a vehicle for simple reargument on the merits.")). The Court's Memorandum and Order fully addressed Plaintiff's arguments and provided legal support for its position. "Rule 59(e) is not designed to provide an avenue for a disappointed plaintiff to relitigate old matters." *Murchison v. N. Dakota*, No. 1:12-CV-071, 2013 WL 57019, at *2 (D.N.D. Jan. 3, 2013). Plaintiff's Motion raises no new issues and is only a regurgitation of matters she raised before, therefore the Court finds that Plaintiff has not satisfied the standard for a motion for reconsideration and denies her Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment Granting Defendant's Motions to Dismiss Plaintiff's Complaints [ECF No. 63] is **DENIED**.

Dated this 13th day of November, 2014.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE